The Honorable James P. Donohue

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOE SPRINKLE AND LAURA SPRINKLE husband and wife and the marital community composed thereof, <br><br> Plaintiffs, <br><br> v. <br><br> SB&C, LTD, aka SKAGIT BONDED COLLECTORS, and CRAIG CAMMOCK & JANE DOE CAMMOCK, husband and wife, and the marital community composed thereof, <br><br> Defendants. | Case Number: CV05-1898JPD <br><br> PRETRIAL ORDER |

### JURISDICTION

Found in the Order allowing Plaintiffs' Motion for Summary Judgment.

### ADMITTED FACTS

Findings of Fact were made in the Order allowing Plaintiffs' Motion for Summary Judgment.

### CLAIMS AND DEFENSES

1. Plaintiffs contend they are entitled to statutory damages under the FDCPA in the sum of $4,000.

2. Defendants contend that the maximum statutory damages under the FDCPA are the sum of $1,000, and that plaintiffs cannot prove entitlement to statutory damages.

PRETRIAL ORDER – 1/6

3. Plaintiffs contend they are entitled to the following damages: emotional distress, money garnished, extra telephone calls to Saudi Arabia, and Lebanon, Oregon, money borrowed from Josh Kohl in Saudi Arabia, and from Mrs. Sprinkle's grandmother in Lebanon, Oregon, and attorney's fees in the Whatcom County District Court action.

4. Defendants contend that none of the actual damages claimed by plaintiffs result from the failure to file the SCRA affidavit, and that the attorney fees from Whatcom County are not recoverable in a collateral action.

## ISSUES OF LAW

1. Have plaintiffs proved entitlement to statutory damages under the FDCPA as a result of the violation found by the Court? If so, how much damages have been proved?

2. Have plaintiffs proved actual damages under the FDCPA as a result of the violation found by the Court? If so, how much damages have been proved to result from the violation?

3. Have plaintiffs proved actual damages under the WCPA as a result of the violation found by the Court? If so, how much damages have been proved to result from the violation?

4. If actual damages under the WCPA are found by this Court, is this court going to award plaintiffs treble damages up to $10,000 for the violation found by the Court?

5. Are attorney fees incurred in the Whatcom County matter recoverable in this action?

## NO EXPERT WITNESSES

OTHER WITNESSES

Plaintiff's witnesses consist of the following:

1. Plaintiff, Joe Sprinkle. He will testify on the cost of the garnishment and its impact on him in Saudi Arabia.

2. Plaintiff, Laura Sprinkle. She will testify about the cost of garnishment and its impact on her and the six small children she was caring for in Whatcom County.

3. Josh Kohl, Mr. Sprinkle's roommate in Saudi Arabia. He will testify about the garnishment's impact on Mr. Sprinkle and about the money he loaned him.

4. Jane Bellew, who works with Operation Home Front for servicemembers. She will testify about the garnishment's impact on Mrs. Sprinkle. She obtained groceries and other necessaries and a Thanksgiving turkey through Operation Home Front for Mrs. Sprinkle and the six children.

5. Donna Genwuch, Mrs. Sprinkle's mother. She will testify about the garnishment's impact on Mrs. Sprinkle.

6. Angela     . She will testify about the impact of the garnishment on Mrs. Sprinkle.

Defendants' witnesses consist of the following:

1. Craig Cammock, possible witness as to statutory damages, and as to the reasonableness of the attorney fees incurred in Whatcom County.

2. C. Robert Paciotti, President of SB&C, LTD, possible witness as to statutory damages.

EXHIBITS

PRETRIAL ORDER - 3/6

Plaintiffs exhibits are as follows:

1. November 2004, Verizon telephone bill for the plaintiffs' cell phones for extra calls to and from Saudi Arabia, and to Lebanon, Oregon, because of the garnishment.

2. November 16, 2004, letter from Industrial Credit Union showing amount of money garnished.

3. November 2004, bank statement from Industrial Credit Union bank account for Mrs. Sprinkle's checking account.

4. November 2004, bank statement from Industrial Credit Union bank account for the account Mr. Sprinkle used to obtain money in Saudi Arabia.

5. Plaintiffs' interrogatories to defendant, Skagit Bonded, and its answers.

6. Plaintiffs' requests for production to defendant, Skagit Bonded, and its response.

Defendants' potential exhibits are as follows:

| 100 | Defendants' First Requests for Interrogatories Propounded on Plaintiffs' |
| 101 | Defendants' First Requests for Production Propounded on Plaintiffs' |
| 102 | Writ of Garnishment Financial Institution, filed by Craig E. Cammock |
| 103 | Judgment & Order to Pay Amount Held by Garnishee, filed by Craig E. Cammock |
| 104 | Certified Mail Receipt signed by Laura Sprinkle on 11/23/2004 |

| 105 | Declaration of Laura Sprinkle in Support of Motion to Quash Writ of Garnishment, filed by James Sturdevant |
| --- | --- |
| 106 | Notice of Appearance, filed by James Sturdevant |
| 107 | Claim of Exemption, filed by James Sturdevant |

DATED at Seattle, Washington, this 25th day of September, 2006.

          /s/   JAMES P. DONOHUE
          United States Magistrate Judge

Prepared and presented by:


     /s/ James Sturdevant
James Sturdevant #8016
Attorney for Plaintiffs
119 N. Commercial St. #310
Bellingham, WA 98225
360-671-2990
sturde@openaccess.com

Copy received and approved:


     /s/ Jeffrey I. Hasson
Jeffrey I. Hasson  WSBA No. 23741
Davenport & Hasson, LLP
Attorney for Defendants


PRETRIAL ORDER - 6/6